IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEE GREENBERG,

    Plaintiff,

v.

NASD DISPUTE RESOLUTION, INC., a Delaware corporation,

    Defendant.

_____/

No. C 06-7144 JSW

**NOTICE OF QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 2, 2007:

The Court has reviewed the parties' memoranda of points and authorities, as well as relevant declarations, and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall have fifteen minutes to address the following questions:

1. Has Plaintiff petitioned the Securities and Exchange Commission regarding Rule 10304 (pursuant to 15 U.S.C. § 78s(h) or otherwise)? If so, what is the status of the petition?

2. As a self-regulatory organization, NASD Dispute Resolution has immunity from claims when it is acting under authority delegated to it by the Exchange Act. *See Partnership Exch. Sec. Co. v. NASD*, 169 F.3d 606, 608 (9th Cir. 1999); *see also Honn v. NASD*, 182 F.3d 1014, 1017 (8th Cir. 1999) (granting arbitral immunity to NASD). Further, as an arbitrator, NASD Dispute Resolution has immunity from civil liability for acts arising out of its arbitral functions. *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987) (holding that appraisal corporation had immunity for claims arising out of its role as arbitrator).

   a. Does Plaintiff have any legal authority demonstrating that NASD Dispute Resolution is not immune from being sued?

3. In his small claims form, Plaintiff alleges that NASD Dispute Resolution committed professional negligence and promulgated a "misleading" rule. Is this a proper characterization of Plaintiff's claims?

4. Do the parties have anything further to add?

Dated: January 30, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2